IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02668-BNB

DENNY BENTON,

    Plaintiff,

v.

TOWN OF SOUTH FORK,
SOUTH FORK POLICE DEPARTMENT,
RANDY HERRERA, Former Police Chief,
JAMES CHAVEZ, Current Police Chief,
SHARON FAIRCHILD, Acting Town Manager and Clerk,
TODD WRIGHT, Former Town Manager,
LARRY HEERSINK, Former Mayor,
BILL MATHEWS, Town Manager,
GROVER HAWTHORN, Trustee,
COLORADO STATE PATROL DISPATCH, ALAMOSA, COLORADO, and
PAM STEWART, Police Officer.

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Denny Benton, filed *pro se* a Title VII Complaint. He was granted leave to proceed without payment of the filing fee pursuant to 28 U.S.C. § 1915 (2013).

    The Court must construe Mr. Benton's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Benton will be directed to file an amended complaint.

    The Title VII Complaint in this action is identical to the Amended Complaint that Mr. Benton filed on April 27, 2012, in *Benton v. Town of South Fork, et al.*, No. 12-cv-

00336-CMA-KMT.  In the 2012 case, the Court dismissed the claims against Defendants Town of South Fork, South Fork Police Department, James Chavez, and Randy Herrerra with prejudice, pursuant to the Defendants' Rule 12(b) motions.  *See Benton v. Town of South Fork, et al.*, No. 12-cv-00336-CMA-KMT (D. Colo. Mar. 29, 2013) (unpublished) [Doc. # 109].   In addition, Plaintiff voluntarily dismissed his claims against Defendants Sharon Fairchild; Todd Wright; Larry Heersink; Grover Hawthorn; Bill Mathews; Pam Stewart; and Colorado State Patrol Dispatch, Alamosa, Colorado [hereinafter "CSP"], pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. [*See* Doc. # 108].

Claims may be dismissed as frivolous or malicious under 28 U.S.C. § 1915(e)(2) if they duplicate previous litigation.  *See McWIlliams v. State of* Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *see also Griffin v. Zavaras*, No. 09-1165, 336 F. App'x 846, 849 (10th Cir. July 14, 2009) (unpublished).

In addition, res judicata, or claim preclusion, applies to limit a party from bringing before the Court a matter that has already been addressed in an earlier proceeding. Claim preclusion applies if (1) there was a final judgment on the merits in the earlier action; (2) the parties are identical or in privity in both cases; (3) the cause of action is the same; and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior suit.  *Nwosun v. General Mills Rests.,* 124 F.3d 1255, 1257 (10th Cir. 1997).   The Court may raise the affirmative defense of claim preclusion sua sponte if the face of the pleading demonstrates that the defense bars the Plaintiff's suit.  *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A complaint may be dismissed sua sponte under

§ 1915 based on an affirmative defense . . . only when the defense is obvious from the face of the complaint and no further factual record is required . . . " (internal quotations and citation omitted)); *see also Arizona v. California*, 530 U.S. 392, 412 (2000) (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting) ("'if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised.  This result is fully consistent with the policies underlying res judicata: . . . the avoidance of unnecessary judicial waste.'")(internal citations omitted).

The Court finds that principles of claim preclusion apply to bar Mr. Benton's claims against Defendants Town of South Fork, South Fork Police Department, James Chavez, and Randy Herrerra because those claims were adjudicated on the merits in Case No. 12-cv-00336-CMA-KMT, a case identical to the instant action.  Mr. Benton had a full and fair opportunity to litigate his claims against the Defendants in the prior suit.  Accordingly, Plaintiff will not be allowed to pursue this action against Defendants Town of South Fork, South Fork Police Department, James Chavez, and Randy Herrerra.  Mr. Benton must omit those Defendants from the amended complaint.

The Complaint is also deficient because Mr. Benton cannot maintain a § 1983 claims against the CSP, a state agency.  The State of Colorado and its agencies are immune from suit under § 1983 based on Eleventh Amendment immunity.  *See Hunt v. Colorado Dep't of Corrections*, No. 07-1400, 271 F. App'x 778, 780 (10th Cir. March 28, 2008) (unpublished); *see also Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1559 (10th Cir.1992) ("Eleventh Amendment immunity extends to state agencies that act as arms of the state.").  Congress did not abrogate Eleventh Amendment immunity through

§ 1983, *see Quern v. Jordan*, 440 U.S. 332 (1979), and the CSP has not expressly waived its sovereign immunity. *See Greiss v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

It is unclear from the allegations of the Complaint what claims Mr. Benton is asserting against Defendants Sharon Fairchild, Todd Wright, Larry Heersink, Bill Mathews, Grover Hawthorn, and Pam Stewart. Plaintiff may not sue any of these individuals under Title VII or the Age Discrimination and Employment Act (ADEA) because the statutes do not provide for individual liability. *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("[W]e agree with the majority view that, taken as a whole, the language and structure of amended Title VII continues to reflect the legislative judgment that statutory liability is appropriately borne by employers, not individual supervisors."); *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999) (recognizing that Title VII, ADA and the ADEA all prohibit "employer" discrimination, and do not authorize personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definitions); *see also* 42 U.S.C. § 2000e-2(a) (Title VII); 29 U.S.C. § 623(a) (ADEA).

To the extent Plaintiff sues Defendants Sharon Fairchild, Todd Wright, Larry Heersink, Bill Mathews, Grover Hawthorn, and Pam Stewart under 42 U.S.C. § 1983, he does not allege specific facts to show that each Defendant deprived him of a constitutionally-protected right. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (§ 1983 redresses deprivations of federal statutory or constitutional rights committed by a

person acting "under color of state law."). An individual defendant cannot be held liable under § 1983 absent allegations to demonstrate that the defendant personally participated in deprivation of the plaintiff's federal rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant is liable only for his or her own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010).

Finally, the Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity

by the federal pleading rules.  Prolix pleadings violate Rule 8.

It is Mr. Benton's responsibility to present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  To state a claim for relief in federal court, the plaintiff's "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The Court does not require a long, chronological recitation of facts.  Nor should the Court or defendants be required to sift through Mr. Benton's verbose allegations to determine which allegations go with which claim.  Accordingly, it is

ORDERED that Plaintiff, Denny Benton, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss some claims and Defendants without further notice for the reasons discussed above.

DATED November 21, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge

7