IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02668-BNB

DENNY BENTON,

      Plaintiff,

v.

TOWN OF SOUTH FORK,
RANDY HERRERA, Former Police Chief,
JAMES CHAVEZ, Current Police Chief,
SHARON FAIRCHILD, Acting Town Manager and Clerk,
TODD WRIGHT, Former Town Manager,
LARRY HEERSINK, Former Mayor,
BILL MATHEWS, Town Manager,
GROVER HAWTHORN, Trustee,
COLORADO STATE PATROL DISPATCH, ALAMOSA, COLORADO,
PAM STEWART, Police Officer,
JOHN CROSS, and
SARAH COOK,

      Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Denny Benton, resides in Salida, Colorado.  He has filed, *pro se*, a Title

VII Complaint. (ECF No. 1).  Mr. Benton asserts employment discrimination claims

under Title VII and the Age Discrimination and Employment Act (ADEA), along with a

claim pursuant to 42 U.S.C. § 1983 that he was deprived of his Fourteenth Amendment

due process rights.

On November 21, 2013, Magistrate Judge Boyd N. Boland reviewed the

Complaint and determined that it was deficient because it is duplicative of a previous

action filed by Mr. Benton that was dismissed with prejudice against some of the

Defendants.  In addition, the allegations of the Complaint fail to state an arguable claim for relief against the other Defendants.  Accordingly, Magistrate Judge Boyd N. Boland directed Mr. Benton to file an Amended Complaint within thirty (30) days of the November 21 Order.  (ECF No. 8).  On December 18, 2013, Mr. Benton filed an Objection to the order directing him to file an amended complaint.  (ECF No. 10).  The Court over-ruled the Objection on January 2, 2014, and granted Mr. Benton a thirty-day extension of time to file his amended complaint in compliance with the November 21 Order.  Plaintiff filed his Amended Title VII Complaint on February 4, 2014.  (ECF No. 12).

Mr. Benton has been granted leave to proceed without payment of the filing fee pursuant to 28 U.S.C. § 1915 (2013).  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Benton's Amended Title VII Complaint liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Amended Complaint and this action will be dismissed.

## I.       The Amended Title VII Complaint

2

The Amended Title VII Complaint is nearly identical to the Amended Complaint Mr. Benton filed on April 27, 2012, in *Benton v. Town of South Fork, et al.*, No. 12-cv-00336-CMA-KMT (ECF No. 9).  Plaintiff sues the same Defendants in this action, with the exception of Defendant South Fork Police Department, which Plaintiff dropped from his Amended Title VII Complaint.[1]  Plaintiff's factual allegations in the Amended Title VII Complaint are the same as those contained in the amended complaint filed in Case No. 12-cv-00336-CMA-KMT, and which are set forth in detail in the Recommendation of United States Magistrate Judge in No. 12-cv-00336-CMA-KMT, at ECF No. 97.  For the sake of brevity, the allegations will not be repeated here.

In the prior action, District Judge Christine M. Arguello adopted and affirmed the Recommendation of United States Magistrate Judge Kathleen M. Tafoya and dismissed the claims against Defendants Town of South Fork, James Chavez, and Randy Herrera with prejudice, pursuant to the Defendants' Rule 12(b) motions. *See* No. 12-cv-00336-CMA-KMT (D. Colo. Mar. 29, 2013) (unpublished) (ECF No. 109), *aff'd Benton v. Town of South Fork and Police Dep't*, No. 13-1179, 2014 WL 67867 (10th Cir. Jan. 9, 2014).  Also in the prior action, Plaintiff voluntarily dismissed his claims against Defendants Sharon Fairchild, Todd Wright, Larry Heersink, Grover Hawthorn, Bill Mathews, Pam Stewart, and Colorado State Patrol Dispatch, Alamosa, Colorado (hereinafter "CSP"), pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.  (*See* No. 12-cv-00336-CMA-KMT, ECF No. 108).

**II    Analysis**

---

[1]Mr. Benton has also added Defendants John Cross and Sarah Cook to the Amended Title VII Complaint. Defendants Cross and Cook were not parties to the previous action.

**A.     Claims against Town of South Fork, James Chavez, and Randy Herrera**

Claims may be dismissed as frivolous or malicious under 28 U.S.C. § 1915(e)(2)
if they duplicate previous litigation. *See McWIlliams v. State of* Colorado, 121 F.3d 573,
574-75 (10th Cir. 1997) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988));
*see also Griffin v. Zavaras*, No. 09-1165, 336 F. App'x 846, 849 (10th Cir. July 14, 2009)
(unpublished).

Furthermore, res judicata, or claim preclusion, applies to limit a party from
bringing before the court a matter that has been or could have been raised in an earlier
proceeding. *See Allen v. McCurry,* 449 U.S. 90, 94 (1980) ("Under res judicata, a final
judgment on the merits of an action precludes the parties or their privies from relitigating
issues that were or could have been raised in that action."). Claim preclusion applies if
(1) there was a final judgment on the merits in the earlier action; (2) the parties are
identical or in privity in both cases; (3) the cause of action is the same; and (4) the
plaintiff had a full and fair opportunity to litigate the claim in the prior suit. *Nwosun v.
General Mills Rests.,* 124 F.3d 1255, 1257 (10th Cir. 1997).

The Court may raise the affirmative defense of claim preclusion sua sponte if the
face of the pleading demonstrates that the defense bars the Plaintiff's suit. *See Fogle v.
Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A complaint may be dismissed sua
sponte under § 1915 based on an affirmative defense . . . only when the defense is
obvious from the face of the complaint and no further factual record is required . . . "
(internal quotations and citation omitted)); *see also Arizona v. California*, 530 U.S. 392,
412 (2000) (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980)
(Rehnquist, J., dissenting) ("'if a court is on notice that it has previously decided the

4

issue presented, the court may dismiss the action sua sponte, even though the defense

has not been raised.  This result is fully consistent with the policies underlying res

judicata: . . . the avoidance of unnecessary judicial waste.'") (internal citations omitted).

The Court finds that case law precluding duplicative litigation and principles of

claim preclusion apply to bar Mr. Benton's claims against Defendants Town of South

Fork, James Chavez, and Randy Herrera, because the claims were adjudicated on the

merits in No. 12-cv-00336-CMA-KMT, a case identical to the instant action.  Mr. Benton

had a full and fair opportunity to litigate his claims against the Defendants in the prior

suit.  Accordingly, Defendants Town of South Fork, James Chavez, and Randy Herrera

are improper parties to this duplicative litigation and will be dismissed.

Before moving to the claims against the other Defendants, one final observation

is in order.  Mr. Benton has submitted a copy of a notice-of-right-to-sue letter issued by

the Equal Employment Opportunity Commission (EEOC) on July 1, 2013.  (ECF No. 14,

at 3).  To the extent Plaintiff argues that the right-to-sue letter, issued after No. 12-cv-

00336-CMA-KMT was dismissed on March 29, 2013, somehow revives his employment

discrimination claims against Defendant Town of South Fork, his former employer, he is

mistaken.  In No. 12-cv-00336-CMA-KMT, Magistrate Judge Tafoya concluded that the

Court had subject matter jurisdiction over the Title VII claims, even though Mr. Benton

had not received a right-to-sue letter from the EEOC, because he had filed a charge of

discrimination with the Colorado Civil Rights Division (CCRD)/EEOC on July 18, 2011,

and more than 180-days elapsed before Plaintiff initiated a civil suit.  (No. 12-cv-00336-

CMA-KMT, ECF No. 97, at 17-20).  Mr. Benton's compliance with the administrative

filing requirements for his Title VII and ADEA claims were thoroughly addressed by

5

Magistrate Judge Tafoya's Recommendation in No. 12-cv-00336-CMA-KMT, and affirmed by District Judge Arguello in the March 29, 2013 dismissal order.  As such, the EEOC right-to-sue-letter, issued to Plaintiff on July 1, 2013, which "adopts" the findings of the CCRD (as contained in the CCRD's November 10, 2011 letter[2]) does not operate to create a new cause of action against Mr. Benton's former employer, Defendant Town of South Fork, that ripened after the dismissal of No. 12-cv-00336-CMA-KMT.

**B.      Claims Against the Colorado State Patrol**

Mr. Benton cannot pursue a claim against the CSP under Title VII or the ADEA because he does not allege any facts to suggest an employment relationship between himself and the CSP.  *See* 42 U.S.C. § 2000e-2(a) (prohibiting unlawful employment practices by an employer); 29 U.S.C. § 623 (prohibiting unlawful practices by an employer).

Furthermore, Mr. Benton cannot maintain a § 1983 claim against the CSP, a state agency.  The State of Colorado and its agencies are immune from suit under § 1983 based on Eleventh Amendment immunity.  *See Hunt v. Colorado Dep't of Corrections*, No. 07-1400, 271 F. App'x 778, 780 (10th Cir. March 28, 2008) (unpublished); *see also Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1559 (10th Cir.1992) ("Eleventh Amendment immunity extends to state agencies that act as arms of the state.").  Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332 (1979), and the CSP has not expressly waived its sovereign immunity.  *See Greiss v. Colorado*, 841 F.2d 1042, 1044-45 (10th

---

[2]*See* No. 12-cv-00336-CMA-KMT, ECF  No. 97, at 19.

6

Cir. 1988).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).  Accordingly, Defendant CSP is an improper party to this action and will be dismissed.

**C.      Claims Against Sharon Fairchild, Todd Wright, Larry Heersink, Bill Mathews, Grover Hawthorn, and Pam Stewart**

**1.      Employment Discrimination**

Mr. Benton may not sue Defendants Sharon Fairchild, Todd Wright, Larry Heersink, Bill Mathews, Grover Hawthorn, and Pam Stewart under Title VII or the ADEA because the statutes do not provide for individual liability.  *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("[W]e agree with the majority view that, taken as a whole, the language and structure of amended Title VII continues to reflect the legislative judgment that statutory liability is appropriately borne by employers, not individual supervisors."); *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744(10th Cir. 1999) (recognizing that Title VII, ADA and the ADEA all prohibit "employer" discrimination, and do not authorize personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definitions); *see also* 42 U.S.C. § 2000e-2(a) (Title VII); 29 U.S.C. § 623(a) (ADEA).  Mr. Benton does not allege any facts in the Amended Title VII Complaint to suggest that Defendants Fairchild, Wright, Heersink, Mathews, Hawthorn, and Stewart qualify as employers under Title VII or the ADEA.  *See* 42 U.S.C. § 2000e(b) (defining "employer" as a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year); 29

7

U.S.C. § 630(b) (defining "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year").

       *2.*     **42 U.S.C. § 1983**

To the extent Plaintiff sues Defendants Fairchild, Wright, Heersink, Mathews, Hawthorn, and Stewart under § 1983, he was warned in the November 21 Order that his original Complaint failed to allege specific facts to show how each Defendant was personally involved in violating his constitutionally-protected rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (§ 1983 redresses deprivations of federal statutory or constitutional rights committed by a person acting "under color of state law."); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between an alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant is liable only for his or her own deliberate intentional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010).  The Amended Title VII Complaint does not cure the deficiencies of the original Complaint.

Mr. Benton asserts in the Amended Title VII Complaint that Defendants Fairchild and Wright committed libel and slander.  (ECF No. 12, at 29).  It is not clear whether Plaintiff asserts these claims pursuant to state law only.  He suggests in the same paragraph of his pleading that the alleged defamation was a violation of his Fourteenth

Amendment rights. (*Id.*).  In Plaintiff's prior lawsuit, the Court construed the amended complaint to assert a claim of defamation under state law only and declined to exercise supplemental jurisdiction over the claim.  (No. 12-cv-00336-CMA-KMT, ECF Nos. 97, at 7, 26-27; 109, at 3, 14).  However, neither Judge Tafoya nor Judge Arguello addressed Mr. Benton's allegations against Defendants Fairchild or Wright in the earlier action because Plaintiff voluntarily dismissed those Defendants.  Accordingly, the Court is not bound by the treatment of Plaintiff's defamation claim in No. 12-cv-00336-CMA-KMT.

Under the Fourteenth Amendment Due Process Clause, the State may not deprive an individual of life, liberty, or property without due process of law.  *See Hernandez v. Riley*, 734 F.3d 1254, 1258 (10th Cir. 2013); U.S. Const. amend. XIV, § 1. An employee has a "liberty interest in his good name and reputation as it affects his protected property interest in continued employment." *Workman v. Jordan*, 32 F.3d 475, 480 (10th Cir.1994).  To maintain a governmental defamation claim under § 1983, the employee must demonstrate that (1) the statements impugned his good name, reputation, honor, or integrity; (2) the statements were false; (3) the statements occurred in the course of terminating the employee or will foreclose other employment opportunities; and (4) the statements were published. *Guttman v. Khalsa*, 669 F.3d 1101, 1125-26 (10th Cir. 2012) (citing *Workman*, 32 F.3d at 481).  The Tenth Circuit clarified in *Guttman* that to satisfy the third element of this test, the employee must show both that the defamatory statement occurred in the course of employment termination *and* that it will foreclose other employment opportunities. *See* 669 F.3d at 1126-27.

The first element requires that a plaintiff prove "the defendant made a statement impugning his or her good name, reputation, honor, or integrity." *Tonkovich v. Kansas*

9

*Bd. of Regents*, 159 F.3d 504, 526 (10th Cir. 1998). The statement must make a "false charge of sufficient opprobrium that would make the plaintiff an unlikely candidate for employment." *Palmer v. City of Monticello*, 31 F.3d 1499, 1503 (10th Cir.1994) ("[A]n accusation that a police officer falsified a speeding ticket qualifies as a stigmatizing charge which amply supports that element of a liberty interest violation."). Such accusations involve charges of "dishonesty or immorality." *Palmer*, 31 F.3d at 1503; *see also Melton v. City of Okla.*, 928 F.2d at 927 (noting that "stigma is sufficient if it involves dishonesty, serious felony, manifest racism, serious mental illness, or the like") (citing *Green v. St. Louis Housing Auth.*, 911 F.2d 65, 69 (8th Cir.1990)). *Cf. Sipes v. United States*, 744 F.2d 1418, 1422 (10th Cir.1984) (rejecting a liberty-interest claim because the "plaintiff was discharged for being tardy, failing to schedule leave . . . , and for engaging in 'horseplay.' These reasons, even assuming they were made public by the Government, do not call into question plaintiff's good name, reputation, honor and integrity.").

Mr. Benton's allegations in support of his governmental defamation claim are vague.  He alleges that on September 22, 2009, he met with Defendant Wright, the Town manager, who informed him that Defendant Herrera (the Chief of Police) "was going to try to get [Plaintiff] fired the next night at the board meeting and presented me a false write-up dated 9-21-09." (ECF No. 12, at 12).  According to Mr. Benton, the "false" write-up asserted that he was on unexcused leave for the time he spent attempting to tender his resignation to Defendant Wright, which resulted in Plaintiff reporting for work late on two days.  (*Id.*).  Based on the threat of job termination, Mr. Benton resigned on September 23, 2009.  (*Id.* at 24).  Mr. Benton further alleges that in January 2012 he

"discovered false documents in his personnel file" that Defendant Wright, the Town manager, "promised [in September 2009] would not go [i]n my personnel file if [Plaintiff] resigned/forced out of office under false documentation." (*Id.* at 29).   Mr. Benton claims that the false write-up in his personnel file prevented him from obtaining other employment as a police officer with the towns of Delta, Leadville and Alamosa.  (*Id.* at 16-17, 23-24, 29).

Mr. Benton's factual allegations do not show that Defendant Wright was personally involved in making statements about Plaintiff that were "stigmatizing."  A statement is not stigmatizing so as to warrant constitutional protection if the statement merely alleges incompetence, negligence, low productivity or dereliction of duty.  *See Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) (concluding that appellant was not deprived of a constitutionally protected liberty interest where the reasons for his discharge, "neglect of duties and insubordination, even when considered false, do not call into question his good name, reputation, honor, or integrity."); *Sullivan v. Stark,* 808 F.2d 737, 739 (10th Cir. 1987); *Asbill v. Housing Authority of Choctaw Nation,* 726 F.2d 1499 (10th Cir.1984) (charge of disputing authority of a new agency director held not to stigmatize discharged employee); *Sipes,* 744 F.2d at 1422 (discharge for tardiness, unreliable behavior, and horseplay not a liberty interest infraction); *Stritzl v. United States Postal Serv.,* 602 F.2d 249, 252 (10th Cir.1979) (poor work habits and low productivity held not to implicate liberty interest).  Accordingly, the Court finds that Mr. Benton has failed to state an arguable claim for relief against Defendant Wright for defamation under 42 U.S.C. § 1983.

The statements Mr. Benton attributes to Defendant Fairchild occurred in January

2011 (ECF No. 12, at 24), long after the date of Plaintiff's alleged forced resignation on

September 23, 2009.  Mr. Benton also alleges that Defendant Fairchild, the acting Town

manager, "noted on a form from the State of Colorado that [Plaintiff] had been

terminated." (*Id.* at 25).  None of the alleged defamatory statements by Defendant

Fairchild occurred during the course of Plaintiff's employment termination in September

2009.  Plaintiff's allegations thus are insufficient to support an arguable governmental

defamation claim against Defendant Fairchild actionable under § 1983. *See Guttman*,

669 F.3d at 1126-27.

Mr. Benton's other factual allegations against Defendants Wright and Fairchild,

as well as his allegations against Defendants Heersink, Mathews, Hawthorn, and

Stewart, fail to show personal participation by any of these Defendants in an arguable

deprivation of Plaintiff's constitutional rights.  Accordingly, the federal claims against

Defendants Heersink, Mathews, Hawthorn, and Stewart will be dismissed.

**D.      Defendants Cross and Cook**

Finally, Mr. Benton asserts unidentified claims against his former attorneys, John

Cross and Sarah Cook, who were appointed by Defendant Town of South Fork and the

Town's insurance company, to represent Plaintiff in a lawsuit filed against him by a

citizen complaining about Plaintiff's behavior during a traffic stop.  Defendants Cross

and Cook cannot be held liable under Title VII or the ADEA because neither individual

was the Plaintiff's employer.  Moreover, Defendants Cross and Cook are not state

actors subject to liability under § 1983 simply because they were appointed by the

government to provide Mr. Benton with legal representation. *See Polk County v.*

*Dodson*, 454 U.S. 312 (1981) (public defender is not state actor when performing duties

12

as counsel).

To the extent Plaintiff purports to allege a legal malpractice claim against Defendants Cross and Cook, he cannot maintain a state law cause of action in the federal district court if both he and the Defendant are citizens of Colorado.  See 28 U.S.C. § 1332(a)(1) (providing that federal district courts shall have original jurisdiction over civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different States).  To invoke federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively.  *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").  Mr. Benton fails to allege facts showing diversity of citizenship between him and Defendants Cross and Cook.

If Plaintiff's intent was to file a legal malpractice claim against Defendants Cross and Cook under state law, "he should have, in the absence of diversity jurisdiction, filed that claim in an action in state court and, if necessary, sought a stay of that action." *Wallin v. Arapahoe County Detention Facility*, Nos. 06-1373, 06-1376, 06-1416, 244 F. App'x. 214, 219 (10th Cir. July 27, 2007) (unpublished) (citing *Morrison v. Goff*, 91 P.3d 1050, 1058 (Colo. 2004) (holding that a criminal defendant must file a malpractice action within two years of discovering an attorney's negligence and may obtain a stay of that action pending resolution of the criminal case if necessary to avoid dismissal or jeopardizing defendant's rights).  Mr. Benton's remedy, if any, against Defendants Cross and Cook, is in the state courts.

13

**III.**    **Order**

For the reasons discussed above, it is

ORDERED that the federal employment discrimination and § 1983 claims

asserted against Defendants Town of South Fork, James Chavez, and Randy Herrera,

Colorado State Patrol, Sharon Fairchild, Todd Wright, Larry Heersink, Bill Mathews,

Grover Hawthorn, and Pam Stewart are DISMISSED with prejudice for the reasons

discussed above.  It is

FURTHER ORDERED that the claims against Defendants Cross and Cook, and

any pendent state law claims asserted against the other Defendants are DISMISSED

without prejudice.  It is

FURTHER ORDERED that this action is DISMISSED in its entirety. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing

fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals

for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED at Denver, Colorado, this   6th   day of ___March___, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

14