IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02668-LTB

DENNY BENTON,

    Plaintiff,

v.

RANDY HERRERA, Former Police Chief,
JAMES CHAVEZ, Current Police Chief,
SHARON FAIRCHILD, Acting Town Manager and Clerk,
JOHN CROSS, and
SARAH COOK,

    Defendants.

---

ORDER ON REMANDED STATE LAW CLAIMS

---

Plaintiff, Denny Benton, resides in Salida, Colorado.  He filed, *pro se*, an Amended Title VII Complaint (ECF No. 12) asserting employment discrimination claims under Title VII and the Age Discrimination and Employment Act (ADEA), along with a claim pursuant to 42 U.S.C. § 1983 that he was deprived of his Fourteenth Amendment due process rights.  (ECF No. 1).  Mr. Benton also asserted state law tort claims.  (*Id*).

**I. Procedural Background**

On March 6, 2014, this Court issued an Order dismissing Mr. Benton's federal claims with prejudice.  (ECF No. 15).  The dismissal order did not address the state law claims.  (*Id.*).  Judgment entered the same day.  (*Id.* at 16).  Mr. Benton appealed.

On September 24, 2014, the United States Court of Appeals for the Tenth Circuit affirmed this Court's dismissal of Mr. Benton's federal claims with prejudice.  *See Benton v. Town of Southfork,* No. 14-1127, 2014 WL 4723710 (10th Cir. Sept. 24, 2014)

(unpublished). The Tenth Circuit also dismissed Plaintiff's state law claims involving the Colorado Anti-Discrimination Act, COLO. REV. STAT. (C.R.S.) § 24-34-401, *et seq.*, and the Colorado Open Records Act, C.R.S. § 24-72-206, as legally deficient. *Id.* at \*\*3-6. However, the Tenth Circuit remanded the case to this Court "to address the state-law claims involving defamation and legal malpractice." *Id.* at \*6.

## II. Order on Remand

The Court has supplemental jurisdiction over Plaintiff's state law defamation claim (against Defendants Herrera, Chavez and Fairchild), and over the legal malpractice claim (against Defendants Cross and Cook), pursuant to 28 U.S.C. § 1367(a).[1] The state law claims "form part of the same case or controversy" as the federal claims. *See id.*

At this time, the Court declines to exercise supplemental jurisdiction over the state law claims because all of Mr. Benton's federal claims have been dismissed. *See* 28 U.S.C. § 1367(c)(3) (stating that the court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction); *Smith v. City of Enid By and Through Enid City Com'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims,"

---

[1] Plaintiff may not invoke the federal diversity statute, 28 U.S.C. § 1332, as a basis for this Court to exercise subject matter jurisdiction over the surviving state law claims because it appears from the allegations of the Amended Complaint that Plaintiff and all of the Defendants are residents of Colorado. (*See* ECF No. 12, at 2). *See* 28 U.S.C. § 1332(a) (stating that the federal district courts shall have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (setting forth the requirements of diversity jurisdiction). *See also Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted) (recognizing that allegations of diversity must be pleaded affirmatively to demonstrate federal jurisdiction pursuant to § 1332).

2

citing 28 U.S.C. § 1367(c)(3)). *See also Carlsbad Technology, Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 640 (2009) ("Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims. Its decision to exercise that statutory authority [in declining to exercise supplemental jurisdiction over the state-law claims] was not based on a jurisdictional defect but on its discretionary choice not to hear the claims despite subject-matter jurisdiction over them."). Mr. Benton may assert his claims in the state district court if he so desires.

The Court recognizes that the Colorado statute of limitations applicable to the the defamation claim one year. *See* C.R.S. § 13-80-103(1)(a) (actions for libel and slander must be brought within one year after the cause of action accrues); § 13-80-102(h) (all actions against an employee of a public or governmental entity generally must be brought within two years after the cause of action accrues, except as otherwise provided in § 13-80-103). The legal malpractice claim is subject to a two-year limitation period. *See* C.R.S. § 13-80-102(1)(a). However, *assuming that the claims were filed timely when Mr. Benton initiated this federal court action*, he will not be time-barred from asserting the remaining state law claims in the state district court if he files within thirty days after entry of this Order. *See* 28 U.S.C. § 1367(d); *see also Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208 (10th Cir. 2014).

The Tenth Circuit's decision in *Varnell* is instructive:

> Plaintiff argues that the district court erred when it denied her motion to remand her state claims back to the state court instead of dismissing them without prejudice. She complains that if she refiles her state-law claims in state court, they will now be barred by statutes of limitations. She is wrong. The problem she anticipates has been alleviated by 28 U.S.C. § 1367(d).

> Here, the district court had federal-question jurisdiction under 28 U.S.C. § 1331 over the § 1983 and Title IX claims. The court could then exercise supplemental jurisdiction under § 1367(a) over Plaintiff's state-law claims because they "form part of the same case or controversy." 28 U.S.C. § 1367(a). Once the federal-law claims were dismissed, however, the court properly acted under § 1367(c) in declining further supplemental jurisdiction over the state-law claims. *See id.* § 1367(c) (court "may decline to exercise supplemental jurisdiction over a claim under [§ 1367](a) if . . . the district court has dismissed all claims over which it has original jurisdiction"). **In that event, § 1367(d) provides: "The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." Thus, Plaintiff has at least 30 days after dismissal of the state-law claims to bring suit in state court (assuming that the claim was originally timely filed).** State courts have apparently agreed that tolling under § 1367(d) continues until any federal appeal is complete. *See, e.g., Turner v. Kight*, 406 Md. 167, 957 A.2d 984, 993–97 (2008); *Okoro v. City of Oakland*, 48 Cal.Rptr.3d 260, 142 Cal.App.4th 306, 312–13 (Cal.Ct.App.2006); *Huang v. Ziko*, 132 N.C.App. 358, 511 S.E.2d 305, 308 (1999).

*Varnell*, 756 F.3d at 1217. (Emphasis added).

The Colorado Court of Appeals has recognized the statutory tolling period in 28 U.S.C. § 1367(d). *See Dalal v. Alliant Techsystems, Inc.,* 934 P.2d 830, 834 (Colo.App.1996) (acknowledging that "if a plaintiff asserts all of his or her claims, including state law claims, in federal court, and the federal court declines to exercise supplemental jurisdiction [over the state claims], the plaintiff may refile those claims in state court," relying on 28 U.S.C. § 1367(d)). Accordingly, it is

ORDERED that the state law claims of defamation and legal malpractice, which are the only claims remaining in this action, are DISMISSED WITHOUT PREJUDICE The Court declines to exercise supplemental jurisdiction over those claims, pursuant to 28 U.S.C. § 1367(c)(3). Mr. Benton may refile those claims in the appropriate state

district court. The state court will decide whether Plaintiff's defamation and legal malpractice claims are time-barred. It is

FURTHER ORDERED that the Clerk of the Court is directed to close this case.

DATED October 30, 2014, at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court